# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:24-cr-0006 |
| ) | |
| **JAMIL BELL,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

**BEFORE THE COURT** is Government's Motion to Continue Trial and Exclude Time under the Speedy Trial Act. (ECF No. 23.) For the reasons stated herein, the Court will continue the trial in this matter until August 5, 2024. The Court finds that the time beginning from the date of this Order through August 5, 2024, shall be excluded in computing the time within which the trial in this matter must be initiated.

On April 4, 2024, the Government filed an Indictment charging Defendant with violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), distribution of cocaine and oxycodone. Defendant was arraigned on May 8, 2024. The Government seeks continuance because an essential witness for the Government, Drug Enforcement Administration Chemist Trina L. Do ("Do"), is unavailable to testify on the scheduled trial date, June 24, 2024, since she has been subpoenaed, on April 29, 2024, to testify in another federal trial in Florida, the date of which conflicts with the trial date in this case. Do conducted the forensic analysis of the controlled substance in this case and her testimony is crucial to establishing the key elements of the offense. Defendant opposed the motion to the extent it would require defense attorney's attendance at trial on June 28, 2024, as she has planned leave at that time.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*United States v. Bell*
Case No. 3:24-cr-0006
Order
Page **2** of **3**

18 U.S.C. § 3161(h)(1)(A). Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Green*, No. CRIM.A. 08-44, 2011 WL 1877299, at *5 (E.D. Pa. May 16, 2011), aff'd, 516 F. App'x 113 (3d Cir. 2013) (finding that a delay needed for the Government to secure a witness was excludable from the Speedy Trial Act calculation under "18 U.S.C. § 3161(h)(3)(A) (excluding '[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness')").

The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweigh the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow the Government to secure the attendance of its forensic expert witness at trial. The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through August 5, 2024, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the Government's Motion to Continue Trial and Exclude Time under the Speedy Trial Act, ECF No. 23, is **GRANTED**; it is further

**ORDERED** that the parties **SHALL** file their respective notices of readiness for trial no later than July 26, 2024; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than July 26, 2024, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than July 31, 2024;[1] and it is further

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.

*United States v. Bell*
Case No. 3:24-cr-0006
Order
Page **3** of **3**

      **ORDERED** that the Jury Selection and Trial in this matter previously scheduled for June 24, 2024, are **CONTINUED** to commence promptly at 9:00 A.M. on August 5, 2024, in St. Thomas Courtroom 1.

**Dated:** June 17, 2024     /s/ *Robert A. Molloy*
                                                      **ROBERT A. MOLLOY**
                                                      **Chief Judge**